ELLIS, Judge.
This case arises out of an automobile accident which happened on March 22, 1968, on State Highway 37 in St. Helena Parish, Louisiana. The parties involved are the plaintiff, Vera Aline Crier Mc-Gehee, who was driving her automobile north on State Highway 37, and Floyd L. Cox, who was also driving north on the highway. The accident happened when plaintiff attempted a left turn into an intersecting blacktop road, referred to in the case as Pumping Station Road, and was struck in the rear by the defendant’s automobile.
*37 After trial on the merits, judgment was rendered in favor of plaintiff and against defendant for $322.00, and defendant’s re-conventional demand was dismissed. From that judgment, defendant has appealed. In his specifications of error, defendant claimed that the court erred in finding the defendant to be negligent and in not finding plaintiff to be contributorily negligent.
The testimony shows that at the time of the accident, it was quite cold and snowing. Plaintiff testified that she was driving north on the highway and that she intended to turn left into the Pumping Station Road. She testified that she actuated her left turn blinker while still some distance from the intersection. She was aware that she was being following by defendant’s automobile, but did not check on his position before commencing her left- turn. She testified that she did not make a sharp turn, but began to drift over to her left slowly and was in the process of making a wide shallow turn into the Pumping Station Road when she was struck by defendant. Her testimony is fully corroborated by a witness who was riding as a guest passenger in her car.
Mr. Cox testified that he was attempting to pass plaintiff, and that after he had pulled over and was drawing up behind her car, he noticed her beginning to pull over in front of him. He stated that he did not see a signal. He stated that he thought that the plaintiff would see him and pull back over into her own lane. When she did not do so, he applied his brakes, but was unable to avoid the collision.
According to the State trooper who investigated the accident, Mr. Cox was entirely in the south bound lane when the accident happened, and he left 12 feet of skid marks leading up to the point of collision.
Mr. Cox’s negligence is clear. He was attempting to pass another vehicle within 100 feet of an intersection, in direct violation of R.S. 32:76, which forbids driving a car in the left lane of a two lane highway within 100 feet of an intersection. There was no yellow line painted on the highway, and no sign warning traffic approaching from the south of the imminence of the intersection. However, the junction is wide, and is readily observable to a motorist approachnig from the south. Under the law, as interpreted by our courts, this is an intersection such as is contemplated by R.S. 32:76. Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3 Cir. 1968); R.S. 32:1(19). This is precisely the type of accident that R.S. 32:76 was enacted to guard against. Mr. Cox’s failure to observe the provisions of the statute constitutes negligence per se, and is a proximate cause of the accident. Dixie Drive It Yourself Sys., New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
With respect to Mrs. McGehee, we find her to be contributorily negligent for essaying a left turn without first ascertaining that it was safe to do so. She testified that she knew there was an automobile following her, but that she had not observed it for some time, and did not check on its position before she began to turn left.
A driver essaying a left turn at an intersection must exercise a high degree of care. He must give a proper signal and must observe traffic approaching from both directions, and should not make the turn unless it can be done in safety. On the other hand, he is entitled to assume that the following traffic will observe the law and not pass at an intersection. R.S. 32:-101(2). Procell v. Strange, 203 So.2d 739 (La.App. 3 Cir. 1967); Breland v. American Insurance Co., 163 So.2d 583 (La. App. 2 Cir. 1964), writs refused 246 La. 379, 164 So.2d 362 (1964).
In this case, Mrs. McGehee testified that she signalled, but failed to ascertain if she could make her left turn in safety. Had she looked before commencing her turn, she would have seen Mr. Cox attempting to pass, and would have been able to avoid *38 the accident. We also note that she failed to make the turn in the manner required by R.S. 32:101(2). One making a left turn, in an. intersection is required to remain in his lane until entering the intersection. Mrs. McGehee testified that she began to pull to her left before reaching the intersection.
We conclude that this accident would not have happened in the absence of the negligence of either party, and neither is entitled to recover.
The judgment appealed from is reversed insofar as it grants judgment in favor of plaintiff, and there will be judgment dismissing both the main and reconventional demands. All costs are to be borne equally by both parties.
Reversed in part, affirmed in part, and rendered.